Hon. Robert R. Kiley Chairman, Board of Directors The Long Island Rail Road
Your counsel's office has requested our opinion as to whether the Long Island Rail Road (LIRR) and the Metropolitan Transportation Authority (MTA) are entitled to an exemption, pursuant to section 8017
of the CPLR, from certain fees required by the Rules of the Chief Judge.
Section 3405 of the CPLR empowers the Chief Judge of the Court of Appeals to promulgate rules for the arbitration of claims for the recovery of amounts less than six thousand dollars. The section also provides that
 "Such rules must permit a jury trial de novo upon demand by any party following the determination of the arbitrators and may require the demander to pay the cost of arbitration . . ." (emphasis supplied).
Section 28.12 of the Rules of the Chief Judge requires a party involved in arbitration who demands a trial de novo to "pay to the court clerk where the award was filed the amount of the fees payable to the panel by the administrative office for the courts pursuant to section 28.10 of [the Chief Judge's rules]".* LIRR has paid these fees in the past, but the question has now arisen whether it can take advantage of the general exemption from paying court fees granted to the State and its agencies by section 8017 of the CPLR. The relevant portion of section 8017 reads as follows:
 "Notwithstanding any other provision of this article or any other general, special or local law relating to fees of clerks, no clerk shall charge or collect a fee from the state, or an agency or officer thereof, for any service rendered in an action in which any of them is involved, nor shall any clerk charge or collect a fee for filing, recording or indexing any paper, document, map or proceeding filed, recorded or indexed for the county, or an agency or officer thereof acting in an official capacity, nor for furnishing a transcript, certification or copy of any paper, document, map or proceeding to be used for official purposes."
Section 8017 provides an exemption from fees charged or collected by a clerk "for any service rendered in an action". Article 80 of the CPLR also lists the specific fees that county and court clerks must charge for particular services: e.g., entering a final judgment (CPLR, §8016[a][2]); filing a transcript (id., § 8016[a][6]); certifying a judgment roll (id., § 8016[b]); and assigning an index number (id.,
§ 8018). These provisions describe the clerk's fees as payments for "clerks' services" (ibid.). The payment required by section 28.12 of the Chief Judges' Rules is a reimbursement to the State for its payment to arbitrators in the event a party rejects an arbitration award and demands a trial de novo. Significantly, the court clerk is only the conduit of the reimbursement required by CPLR 3405. The payment is not, in our view, a payment for services of a clerk rendered in an action as contemplated by section 8017 of the CPLR.
We conclude that the exemption from clerks' fees granted to public entities under section 8017 of the CPLR does not embrace the arbitration fees required by section 28.12 of the Rules of the Chief Judge.
* Section 28.10 reads, in relevant part, as follows:
 "The Chief Administrator shall provide for the compensation, including expenses, payable to each arbitrator to the extent of money available to the administrative office for the courts for this purpose. Claims for such compensation shall be made to the commissioner after entry of the award on forms prescribed by the Chief Administrator, except that a claim for compensation of the chairperson of a panel also may be made where the action is settled or withdrawn after a panel hearing date has been scheduled but before the hearing is commenced, and a claim for compensation of an arbitrator other than a chairperson may be made where the action is settled or withdrawn within three days of the date scheduled for the hearing . . ."